By the Court, Bronson, J.
It may be laid down as a general rule, that where the party waits and serves a paper on the day when his default for the want of it may be regularly taken, and the default is taken on that day, in good faith, and without knowing of the service, we will not inquire or take notice of the fact that the service was at an earlier hour in the day than the taking of the default. The case cited at the bar went upon that principle. I see no reason why a more liberal rule should be adopted, where, as in this case, the motion to set aside the default is made on the sole ground of irregularity.
There is a further reason why this motion should not be granted. Although as to most papers the mode of service was well enough, it was not sufficient under the circumstances of this case. I do not go upon the ground of any want of good faith on the part of the defendants’ attorneys, or their. *370 agent; for there is no reason to believe that any wrong was intended. But an affidavit to prevent an inquest sometimes may and at other times should be served in a different manner from what'is required in relation to other papers. At the circuit, if the plaintiffs’ attorney is not present, it may be delivered to the counsel having the cause in charge. If not delivered at the circuit, it should be served in such a way that it will probably come to the knowledge of the attorney in season to enable him to communicate with the counsel before the inquest is taken. Any other rule might lead to great abuse. In this case, the plaintiffs’ attorneys had left their office for the purpose of attending the court, before the paper was served, and the inquest was taken without any knowledge of an affidavit of merits. The agent made a mistake in leaving the paper in the vacant office. Or, if he left it there, he should have sought the attorneys and informed them of the service.
Motion denied.